# IN THE COURT OF APPEALS OF IOWA

No. 22-1851
Filed February 8, 2023

IN THE INTEREST OF A.S., K.S. and L.S.,
   Minor Children,

A.S., Father,
   Appellant,

D.S., Mother,
   Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother and father separately appeal a juvenile court order adjudicating their three children as in need of assistance. **AFFIRMED ON BOTH APPEALS.**

Magdalena Reese of Des Moines Juvenile Public Defender, Des Moines, for appellant father.

Arielle M. Lipman of Lipman Law Firm, P.C., West Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Lynn Vogan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

A mother and father separately appeal the juvenile court's order adjudicating their three children[1] in need of assistance.

The parents divorced over a decade ago. Their dissolution decree granted the father physical care of the children, subject to the mother's visitation rights. The parents later reconciled and lived together as a family.

The department of health and human services became involved following the father's arrest for possession of marijuana, cocaine, and drug paraphernalia. The department investigated allegations that the father used methamphetamine and cocaine while caring for the children and used marijuana with the oldest child. A child protection worker spoke to the father, who denied using methamphetamine but admitted using cocaine earlier in the month. The father stated a drug test would likely be positive for cocaine and marijuana. The father denied using marijuana with his child or providing the child with the drug. He admitted the child took his marijuana and a pipe. The father agreed to move in with his parents pending completion of a drug test.

The children's mother told the child protection worker she was unaware of any illegal substances in the home. While agreeing the father was recently arrested for possession of drugs, she noted that he was caught with the substances outside the home. The mother admitted to marijuana use one or two times a month. She denied allegations of physical domestic violence but acknowledged verbal arguments with the father. She stated the arguments

---

[1] The children were born in 2006, 2007, and 2011.

affected the children and the youngest child voiced feelings of self-harm, prompting the mother to enlist the assistance of a school counselor.

The child protection worker spoke to the older two children and toured the home. She advised the parents that the father could return to the home and she "had no concerns for behavioral indicators of illicit drug use." Three days later, the mother decided to move out of the home and into her mother's home. She advised the child protection worker that she and the father had an argument about whether the children could attend the father's music concert that evening. She also told the worker about an incident two months earlier involving mutual physical violence. The next day, the department received drug test results from the father, which were positive for the active ingredient in marijuana and alcohol.

The children remained with the father. The parents reverted to the physical care and visitation provisions contained in the dissolution decree. The department did not seek to have the children removed from either or both parents' custody.

Several months after the child abuse investigation concluded, the State filed a petition to have the children adjudicated in need of assistance under Iowa Code section 232.96A(3)(b) and (14) (2022). At the adjudication hearing, the State offered ten exhibits to which the parents stipulated. No further evidentiary record was made.[2] The juvenile court adjudicated the children in need of assistance

---

[2] We have discouraged and continue to discourage the practice of conducting juvenile hearings based on written reports rather than testimony, as it makes review more challenging, and it presumably makes it more difficult for the juvenile court to make necessary factual findings. *See, e.g.*, *In re H.V.*, No. 20-0934, 2020 WL 6157826, at \*4–6 (Iowa Ct. App. Oct. 21, 2020) (reversing juvenile court's order terminating parental rights due to the State's failure to prove its case when its evidence consisted exclusively of exhibits for which inadequate foundation was lain). As the parties stipulated to admissibility of the exhibits here, we have a

under both grounds raised in the State's petition. The children remained in the parents' custody. The court later filed a dispositional order confirming adjudication.

On appeal, the parents contend the State failed to prove the grounds for adjudication cited by the juvenile court. Because the grounds may affect subsequent proceedings, we will address both. *See In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014).

Iowa Code section 232.96A(3)(b) requires proof a child "has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child." Iowa Code section 232.96A(14) requires proof that "the child's parent[] . . . suffers from a mental incapacity, a mental condition, imprisonment, or drug or alcohol abuse that results in the child not receiving adequate care or being imminently likely not to receive adequate care."

A founded child abuse report for denial of critical care named the child's father as the parent responsible for allowing the oldest child access to his marijuana. The mother lived with the father at the time. On our de novo review of the record, we conclude the report provides evidentiary support for the juvenile court's adjudication of the children as in need of assistance under section 232.96A(3)(b).

As to adjudication under section 232.96A(14), we note that the father has repeatedly used illegal drugs both before and after being arrested for possessing them. There has been at least one incident of physical violence between the

different outcome than in *H.V.*, but we continue to discourage the practice of trying the case on exhibits only.

parents in the home during the time the father has been using illegal drugs, and there have been other instances of verbal altercations. In addition, the father's drug use resulted in one of the children gaining access to his stash. Also, after being convicted of possessing illegal drugs and being placed on probation, he was compliant for a bit but then began missing appointments and ducking drug testing. This resulted in him being held in contempt and jailed for violating his probation only a few months before the adjudication hearing. He also completed a substance-abuse evaluation around that time during which he admitted his drug use interfered with his functioning. By the time of the adjudication hearing two months later, he still had not started recommended treatment. To his credit, by the time of the dispositional hearing, he had begun treatment. But his treatment was in its infancy and does not erase the history that occurred before his belated treatment efforts. If things go well, the case can always close, but, for the time being, the fact that the father just began long-recommended drug treatment does not negate the need to adjudicate the children under section 232.96A(14). On our de novo review, we find that the children were properly adjudicated under section 232.96A(14).

**AFFIRMED ON BOTH APPEALS.**

Buller, J., concurs; Vaitheswaran, P.J., partially dissents.

**VAITHESWARAN, Presiding Judge** (concurring in part and dissenting in part).

I concur in part and dissent in part. I agree the State proved the children were in need of assistance under Iowa Code section 232.96A(3)(b) (2022). I disagree that the State proved the children were in need of assistance under Iowa Code section 232.96A(14).

Iowa Code section 232.96A(14) requires proof that "the child's parent[] . . . suffers from a mental incapacity, a mental condition, imprisonment, or drug or alcohol abuse that results in the child not receiving adequate care or being imminently likely not to receive adequate care." There was scant if any evidence of parental "mental incapacity," "mental condition," or "imprisonment."[3] Accordingly, adjudication under this provision had to rest on "drug or alcohol abuse." As the majority notes, the child protection worker advised the parents she "had no concerns for behavioral indicators of illicit drug use." The department declined to confirm the allegation that the father "used or possessed cocaine in the presence of his children" or "used methamphetamine." That left the father's positive drug test for the active ingredient in marijuana. The department essentially discounted the test as a basis for finding the father an inadequate caretaker by authorizing the father to return to the home and by allowing him to resume his parenting functions. Notwithstanding the department's affirmation of his parenting abilities, the father followed the substance-abuse evaluator's recommendation to pursue intensive outpatient treatment.

---

[3] Following his arrest, the father was jailed and released after several hours.

As for the mother, the department documented her admission to occasional marijuana use but made no finding of "drug or alcohol abuse." The department further noted that a substance-abuse evaluation contained "no recommendations" for the mother to undergo drug treatment.

Adjudication under section 232.96A(14) also had to rest on a finding that the substance abuse resulted "in the child not receiving adequate care or being imminently likely not to receive adequate care." As noted, the department allowed the father to return to the home and resume his caretaking role. And the department did not seek to have the children formally removed from either or both parents' custody. Indeed, the department reported that the parents were "able to meet the needs of the children and appear[ed] to have age-appropriate expectations for the children." On my de novo review of the record, I would conclude the State failed to prove the children were in need of assistance under section 232.96A(14).